IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ERV SMITH SERVICES, INC., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 1:25-cv-00277 (RDA/WBP) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Erv Smith Services, Inc. ("ESSI") and Erv Smith Country Home, Inc.'s ("Country Home") (collectively "Defendants") Motion for Protective Order. ("Motion"; ECF No. 19.) In their Motion, Defendants ask the Court to enter a protective order restricting Plaintiffs from taking more than five non-party, non-expert witness depositions as proscribed in the Court's March 18, 2025, Scheduling Order. (ECF No. 10.) Resolution of the Motion turns on whether Plaintiffs' request to depose the owners and presidents of the Defendant entities should be categorized as party or non-party depositions. For the reasons below, the Motion is DENIED.

I.

On February 14, 2025, Plaintiffs filed this Employee Retirement Income Security Act ("ERISA") action alleging, among other things, that Defendants owed Plaintiffs certain unpaid contributions to their pension funds. (ECF No. 1.) On March 18, 2025, the district judge entered a Scheduling Order that provided that "[a] party may not exceed five (5) non-party, non-expert witness depositions." (ECF No. 10.) On June 16, 2025, Plaintiffs sent Defendants a proposed

schedule identifying nine people they intend to depose. (ECF No. 20-1.) The schedule included Noel Smith, the owner and president of ESSI, and Theresa Brommer, the owner and president of Country Home. (*Id.* at 12.) Defendants contend that Mr. Smith and Ms. Brommer—both of whom are officers of the Defendant entities but not named defendants—should be considered non-parties for counting Plaintiffs' non-party depositions, which causes Plaintiffs to exceed the number of non-party depositions they may take. (*Id.* at 3.) Conversely, Plaintiffs argue that, as officers of the Defendant entities, Mr. Smith and Ms. Brommer are considered parties and therefore do not count against the limit of five non-party depositions. (*Id.* at 2.)

II.

The issue the Court must resolve is whether depositions of officers, directors, and managing agents of a party to a lawsuit should be categorized as party or non-party depositions. This is not a close call. In this District, when a party seeks to depose individuals in their capacity as officers, directors, or managing agents of an organizational party, those individuals "are parties to [the] action for deposition purposes." *Reese v. Virginia Intern. Terminals, Inc.*, 286 F.R.D. 282, 287 (E.D. Va. Aug. 3, 2012); *see also In re Outsidewall Tire Litigation*, 267 F.R.D. 466, 469 n.2 (E.D. Va. May 4, 2010).

In *Reese*, the plaintiff moved to compel the depositions of certain non-party officers and managing agents of organizational defendants. *Reese*, 286 F.R.D. at 286. The organizational defendants opposed the motion to compel arguing that—counting the notices for the officers and managing agents—plaintiff had noticed more than five non-party, non-expert witness depositions in violation of the court's pretrial order. *Id.* The *Reese* court overruled the defendants' objection on the ground that organizational defendants only may be deposed through the testimony of their officers, directors, managing agents, or other persons designated to testify on their behalf. *Id*. at

2

287 (citing FED. R. CIV. P. 30(b)(6)). Thus, officers and managing agents of the organizational defendants were considered parties to the litigation, and their depositions did not count toward the court's limit of five non-party, non-expert witness depositions. *Id.* 286-87.

 Here, Defendants concede that Mr. Smith and Ms. Brommer serve as the presidents of the corporate Defendant entities and that Plaintiffs seek to depose them in their official capacity as Defendants' officers. (ECF No. 20 at 2; ECF No. 22 at 6.) But Defendants attempt to distinguish *Reese*—not by relying on the language of the opinion but, instead, by relying on the "underlying briefing," which they contend "reveals that the plaintiff in [*Reese*] had not noticed any 30(b)(6) depositions, meaning the plaintiff was seeking to depose individual officers as the only means of obtaining testimony from the corporate entities." (ECF No. 20 at 4.) Therefore, Defendants posit, "*Reese* [] stands for the limited proposition that when a party seeks to depose corporate officers as *substitutes* for 30(b)(6) depositions, those officers may be considered 'parties' for deposition purposes—not that any corporate officer or managing agent automatically qualifies as a 'party.'" (ECF No. 20 at 5 (emphasis in the original).) This supposed holding appears nowhere in *Reese*, and the opinion does not otherwise expressly or impliedly make this point. Nor have Defendants provided any authority in support of their novel theory.

 Defendants' theory also contradicts the purpose of the Rule 30(b)(6) deposition, which was added to Rule 30 in 1970 as an "added facility for discovery" to "supplement[] the existing practice whereby the examining party designates the corporate official to be deposed." FED. R. CIV. P. 30(b)(6) advisory committee's not to 1970 amendment. As the advisory committee's notes make plain: officers, directors, and managing agents have always been considered parties for purposes of deposition testimony, and the Rule 30(b)(6) deposition was created as a "new

3

procedure [that] should be viewed as an added facility for discovery," *id.*, not as a "substitute" for the deposition of an officer, director, or managing agent, as proposed by Defendants.

Rule 32, which governs the use of depositions in court proceedings, also supports the conclusion that the officers, directors, and managing agents are considered parties for purposes of depositions. According to Rule 32, "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." FED. R. CIV. P. 32(a)(3). Because the deposition testimony of an officer, director, or managing agent binds a corporate entity and may be used for any purpose against the corporate entity, these same individuals are parties for the purpose of deposition testimony.

### III.

Because Mr. Smith and Ms. Brommer as Defendants' officers speak for Defendants—entities that cannot otherwise speak for themselves—they are considered parties for noticing depositions, and their depositions do not count toward the Court's five non-party, non-expert witness deposition limit set forth in the March 18, 2025, Scheduling Order. Accordingly, it is hereby

ORDERED that Defendants' Motion for Protective Order is DENIED.

Entered this 21st day of July 2025.

_____
William B. Porter
United States Magistrate Judge

Alexandria, Virginia

4